# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

OLUWADAYISI OMOSULE,

       Plaintiff,     :     Case No. 3:09-cv-421

                                  District Judge Walter Herbert Rice
   -vs-                        Magistrate Judge Michael R. Merz
                          :

IMMIGRATION AND
NATURALIZATION SERVICE, et al.,

       Defendants.

## DECISION AND ORDER

Plaintiff, a resident of Dayton, Ohio, brings this action for injunctive relief and to obtain damages from the federal Immigration and Naturalization Service, the Attorney General of the United States, the Secretary of Homeland Security, and INS Officers Timothy Allen and Tiffany Throckmorton, whose addresses are not given.

Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim upon which relief can be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact.

*Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989). In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d at 349. Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

On its face, the Complaint purports to state claims against two individual INS agents, Larry Allen and Tiffany Throckmorton, under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), to wit, arrest without probable cause in violation of the Fourth Amendment. On the other hand, a *Bivens* action may not be brought against a federal agency such as the INS. *FDIC v. Meyer*, 510 U.S. 471 (1994). Aside from the damages claim, however, Plaintiff seeks injunctive relief for which the INS and the Secretary of Homeland Security may be necessary parties. In any suit against a federal agency, the Attorney General must be served, whether or not he is a proper party. All of the named Defendants are likely to be represented by the United States Attorney for this District, so there is no additional burden in allowing process to be issued and served on all the Defendants.

Accordingly, it is hereby ORDERED that the Clerk issue process if properly prepared and presented by the Plaintiff. If Plaintiff also prepares and presents Marshal Form 185's for the Defendants, the Clerk shall deliver same to the Marshal, who is hereby ORDERED to make service of such process.

November 11, 2009.

s/ **Michael R. Merz**<br>
United States Magistrate Judge