# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

OLUWADAYISI OMOSULE,

      Plaintiff,      :      Case No. 3:09-cv-421

                                 District Judge Walter Herbert Rice
    -vs-                          Magistrate Judge Michael R. Merz

                           :

IMMIGRATION AND
 NATURALIZATION SERVICE, et al.,

      Defendants.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendants' Motion to Dismiss (Doc. No. 9) and Plaintiff's responsive Motion Not to Dismiss (Doc. No. 11). As a dispositive motion under Fed. R. Civ. P. 72, the Motion to Dismiss requires a report and recommendations from the Magistrate Judge, rather than a decision.

Plaintiff names as Defendants United States Attorney General Eric Holder, Secretary of the Department of Homeland Security Janet Napolitano, and Customs and Border Protection Officers Larry Allen and Tiffany Throckmorton.[1]

Defendants read the Complaint as naming all of them in their official capacities only, and not in their individual capacities (Motion, Doc. No. 9, at 2). Plaintiff makes no objection to this reading in the Motion Not to Dismiss. Generally, plaintiffs must designate in which capacity they

---

[1]Plaintiff names Ms. Throckmorton as an Immigration and Naturalization Services Officer. As noted by Defendants (Doc. No. 9 at 1, n. 1), the Immigration and Naturalization Service was abolished by the Homeland Security Act of 2002, § 471(a), Pub. L. No. 107-291, 116 Stat. 2135 (2002).

are suing defendants; if not, by operation of law, defendants are deemed sued in their official capacities. See *Hardin v. Straub,* 954 F.2d 1193, 1199 (6th Cir.1992); *Wells v. Brown,* 891 F.2d 591, 592-94 (6th Cir.1989).The Court will accordingly read the Complaint as made against the Defendants solely in their official capacities.

Plaintiff seeks $27.5 million in damages and injunctive relief of either (1) return of his "green" card and international passport or (2) admission to citizenship in the United States. (Complaint, Doc. No. 3, at 6). The facts on which these claims for relief are based are summarized in the Motion to Dismiss as follows:

> Omosule appears to allege that, on December 9, 2008, unnamed United States immigration officials took his green card "by deception" and sent him "back to Canada." (*Id*. at 5). Omosule alleges that Canadian officials arrested and detained him at a facility in Letbridge, Alberta "for ent[e]ring Canada without proper document[s]." (*Id*.). According to Omosule, he remained detained in Canada at 12:00 a.m. on December 10, 2008. At some point after that, according to Omosule, Canadian officials returned him to the United States border at the request of Larry Allen, a CBP officer, who charged Omosule with "entry [into] the United States as [an] illegal alien." Immigration officials issued an arrest warrant, and Omosule alleges that Allen falsely stated on the warrant that he served it on Omosule at 12:00 a.m., on December 10, 2008, at the port of Sweetgrass, Montana. Omosule alleges that this was impossible because he remained detained in Canada at that time. Omosule alleges that Allen's supervisor, Tiffany Throckmorton, knew of this false statement on the warrant and still signed it as a supervisor. Also, Omosule alleges that Allen told him that his "green card was taken from [him] illegally." (*Id.*).

> Omosule further alleges that, when he returned to the United States, he "was detained at Shelby County Detention facility" in Montana, and that unnamed officials "refuse plaintiff to speak to an attorney until United States immigration office came on the 11th of December to sign some documents." *(Id.)*. He alleges that unnamed officials took from his wallet his "Ohio driver license and social security card" and claimed that he "did not have resident in the United States" in order to also claim that he came to the United States illegally. Furthermore, he alleges that "[a] United States Detainer Notice of Action Form I-247 . . . was issued on [him] and [he] was falsely imprison[ed] for more than 90 days, before the detainer was then release[d] after several contacts to the United States government

> officials." (*Id.*).
>
> Furthermore, Omosule implies that unnamed government officials made "an honest mistake," but in trying to "cover it up," they made "an innocent person suffer." He states that he "lost all of his belonging[s]," including everything that he had "acquire[d] for the past 20 years."

(Motion to Dismiss, Doc. No. 9, at 2-3.)

Defendants assert this set of pleaded facts is insufficient to establish federal court jurisdiction and thus should be dismissed under Fed. R. Civ. P. 12(b)(1). Alternatively, Defendants assert the complaint is insufficient under Fed. R. Civ. P. 8 and should be dismissed under Fed. R. Civ. P. 12(b)(6). The subject matter jurisdiction question is legally antecedent to the "merits" question involved in a Rule 12(b)(6) decision. Because this Court lacks jurisdiction of the subject matter of the case, it should dismiss the case on that basis without reaching the merits.

**Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8, 4 Dall. 8, 1 L. Ed. 718 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (3 Dall. 382), 1 L. Ed. 646 (1798). The burden of proof is on the party asserting jurisdiction if it is challenged. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte*. *Ford v. Hamilton Inv. Co.,* 29 F.3d 255, 257 (6th Cir. 1994); *In re Millers Cove Energy Co., Inc.*, 128 F.3d

449, 450 (6th Cir. 1997); *Franzel v. Kerr Mfg. Co.,* 959 F.2d 628, 630 (6th Cir. 1992); *Mansfield, C. & L M. Ry. v. Swan,* 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462 (1884); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149 (1908); *Sumner v. Mata*, 449 U.S. 539, 548, n.2 (1981).

The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 62 S. Ct. 673, 86 L. Ed. 951 (1942); *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266 (6th Cir. 1990); 5A Wright and Miller, *Federal Practice and Procedure, Civil 2d*, §1350 (1990).

Defendants' Rule 12(b)(1) Motion attacks the face of the Complaint, asserting it fails to state a basis for federal jurisdiction and particularly any waiver of sovereign immunity (Motion, Doc. No. 9, at 4-6). Such a facial attack is proper under rule 12(b)(1) and requires the Court to assume the truth of all allegations made by a plaintiff. *DLX, Inc., v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004), citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1133-35 (6th Cir. 1996); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); and *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990).

As Defendants argue, Plaintiff must identify a waiver of sovereign immunity in order to proceed. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000), citing *Dalehite v. United States*, 346 U.S. 15, 30 (1953).

Suits against governmental officers in their official capacities are equivalent in law to suits against the entity itself. *Kentucky v. Graham,* 473 U.S. 159 (1985); *Brandon v. Holt*, 469 U.S. 464 (1985). The doctrine of sovereign immunity bars federal courts from exercising jurisdiction over federal officers in their official capacities in the absence of a waiver of that immunity. *Center for Bio-Ethical Reform, Inc., v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007).

Plaintiff here has failed, either in his Complaint or his Motion Not to Dismiss, to identify any waiver of sovereign immunity for these Defendants.

He first claims there is jurisdiction based on his residence in Dayton, Ohio, and the presence of an INS office in Cincinnati. The Court does not understand any way in which this gives it jurisdiction; Plaintiff may be confusing subject matter jurisdiction with venue or personal jurisdiction. He also notes that Congress has granted exclusive federal court jurisdiction over a number of types of cases, but none of them is applicable here.

Plaintiff next cites general federal question jurisdiction and diversity jurisdiction, governed by 28 U.S.C. §§ 1331 and 1332 respectively. He concludes that the Court has jurisdiction because he is making claims that INS deprived him of his constitutional rights.

Plaintiff has not specifically pleaded any statute in which the United States has waived its sovereign immunity for damages arising out of the acts of government officers, but such a waiver does exist in the Federal Tort Claims Act, 28 U.S.C. § 2674. However, before suit can be brought under the FTCA, a claim must be administratively presented to the relevant government agency. Plaintiff has not, so far as the motion papers show, ever made such an administrative claim. Absent such a claim, this Court lacks subject matter jurisdiction over Plaintiff's claim for damages.

Plaintiff also seeks injunctive relief. To the extent he is claiming that Defendants Allen and Throckmortion were acting in excess of their legal authority or under an unconstitutional statute, the Court would have jurisdiction over those claims. *Schneider v. Smith*, 390 U.S. 17 (1968); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949); *Land v. Dollar*, 330 U.S. 731 (1947). It appears Plaintiff is claiming that he was arrested on an intentionally falsified affidavit, which would be a violation of the Fourth Amendment. However, he is not seeking an injunctive relief with respect to that alleged violation. It is beyond the jurisdiction of this Court to order that he be sworn in as a citizen or that his green card be renewed. If he is alleging that that the CBP officers took his green card unconstitutionally and what he wants from the Court is an order that it be returned, the Court would probably have subject matter jurisdiction of that claim.

Accordingly, it is respectfully recommended that the Complaint be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff would be permitted thereafter to file an amended complaint in this case asserting that his green card was seized unconstitutionally and seeking an order that it be returned to him. Any claim for damages would have to await filing and an administrative ruling on a Federal Tort Claims claim. The Court need not reach the 12(b)(6) branch of the Motion.

March 5, 2010.

s/ **Michael R. Merz**  
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).