# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

OLUWADAYISI OMOSULE,

       Plaintiff,                :        Case No. 3:09-cv-421

   -vs-                                    Magistrate Judge Michael R. Merz

                                  :

IMMIGRATION AND
NATURALIZATION SERVICE, et al.,

       Defendants.

## DECISION AND ORDER

This case is before the Court on Defendants' Motion to Dismiss the Amended Complaint (Doc. No. 18). This is a dispositive motion within 28 U.S.C. § 636(b)(1)(A), but the parties have unanimously consented to plenary magistrate judge jurisdiction and the case has been referred on that basis (Doc. No. 27).

Named as Defendants are Attorney General Eric Holder, Secretary of Homeland Security Janet Napolitano, and Customs and Border Protection Officers Larry Allen and Tiffany Throckmorton. Defendants read the Complaint as naming them in their official capacities only and Plaintiff makes no objection to that reading. Generally, plaintiffs must designate in which capacity they are suing defendants; if not, by operation of law, defendants are deemed sued in their official capacities. *See Hardin v. Straub*, 954 F.2d 1193, 1199 (6th Cir.1992); *Wells v. Brown*, 891 F.2d 591, 592-94 (6th Cir.1989). The Court will accordingly read the Complaint as made against the Defendants solely in their official capacities.

As relief, Plaintiff requests the Court to order return to him of his "green card" and his

1

international passport (Amended of Complaint, Doc. No. 16, PageID 68). Defendants read the Amended Complaint as relating only to the "green card" (Motion, Doc. No. 18, PageID 72). Defendants' reading is correct because Plaintiff was only granted leave to amend to assert at claim relating to the "green card" (Decision and Order, Doc. No. 14, PageID 66).

The Motion to Dismiss is brought under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8, 4 Dall. 8, 1 L. Ed. 718 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (3 Dall. 382), 1 L. Ed. 646 (1798). The burden of proof is on the party asserting jurisdiction if it is challenged. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte*. *Ford v. Hamilton Inv. Co.,* 29 F.3d 255, 257 (6th Cir. 1994); *In re Millers Cove Energy Co., Inc.*, 128 F.3d 449, 450 (6th Cir. 1997); *Franzel v. Kerr Mfg. Co.,* 959 F.2d 628, 630 (6th Cir. 1992); *Mansfield, C. & L M. Ry. v. Swan,* 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462 (1884); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149 (1908); *Sumner v. Mata*, 449 U.S. 539, 548, n.2 (1981).

The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 62 S. Ct. 673, 86 L. Ed. 951 (1942); *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266 (6th Cir. 1990); 5A Wright and Miller, *Federal Practice*

*and Procedure, Civil 2d*, §1350 (1990).

Defendants' Rule 12(b)(1) Motion attacks the face of the Complaint, asserting it fails to state a basis for federal jurisdiction and particularly any waiver of sovereign immunity (Motion, Doc. No. 18, PageID 76-78). Such a facial attack is proper under rule 12(b)(1) and requires the Court to assume the truth of all allegations made by a plaintiff. *DLX, Inc., v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004), citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1133-35 (6th Cir. 1996); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); and *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990).

As Defendants argue, Plaintiff must identify a waiver of sovereign immunity in order to proceed. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000), citing *Dalehite v. United States*, 346 U.S. 15, 30 (1953).

Suits against governmental officers in their official capacities are equivalent in law to suits against the entity itself. *Kentucky v. Graham,* 473 U.S. 159 (1985); *Brandon v. Holt*, 469 U.S. 464 (1985). The doctrine of sovereign immunity bars federal courts from exercising jurisdiction over federal officers in their official capacities in the absence of a waiver of that immunity. *Center for Bio-Ethical Reform, Inc., v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007).

As Defendants' Motion shows, the gravamen of Plaintiff's suit is that he wishes to have his permanent resident status in the United States renewed. As Exhibit B attached to the Motion shows, Plaintiff abandoned that status by signing, on December 7, 2008, an INS Form I-407. Plaintiff appears to claim that he was deceived into signing that form and therefore it should be nullified and his resident status returned to him. The individual officers whom he has sued do not have authority to grant that status nor does this Court have subject matter jurisdiction over a claim to compel them to do so in the absence of a waiver of sovereign immunity.

This is not a case where a person's "green card" has been seized from him as a result of an

unlawful search.  In noting in the original Report and Recommendations that this Court would probably have jurisdiction over a claim for injunctive relief to cure an unconstitutional seizure, it was a case of unconstitutional search in violation of the Fourth Amendment which the Magistrate Judge had in mind, not the facts actually alleged by Plaintiff.

To put the matter in a somewhat different way, this Court has not been granted by Congress jurisdiction over claims that persons have been unlawfully denied permanent resident status or that their purported surrender of that status once granted was obtained from them by deception.

The Motion to Dismiss is granted for the reason that Plaintiff has not demonstrated that this Court has subject matter jurisdiction.  The Clerk will enter judgment dismissing this case without prejudice.

July 29, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge